10-4406-cv (L)
*Frederiksson v. Sikorsky Aircraft Corp.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges*,
MIRIAM GOLDMAN CEDARBAUM,
*District Judge*.*

_____

ULLA CHRISTINE FREDERIKSSON, individually, and as personal representative of the ESTATE OF PETER JARL FREDERIKSSON and as guardian ad litem for her minor children, NICLAS FREDERIKSSON, SEBASTIAN FREDERIKSSON AND NICOLE FREDERIKSSON,

*Plaintiff-Counter-Defendant-Appellant,*

MARJATTA PEURALA, individually, and as personal representative of the ESTATE OF SEPPO ANTERO PEURALA, ANTTI OLAVI PEURALA, PIRKKO ONVERVA KOOPERI, Individually, and as personal representative of the ESTATE OF ONNI MATTI KOPPERI, MARIKA KOPPERI-GRONLUND,

*Plaintiffs-Appellants,*

-v.-                    10-4406-cv (Lead)
                        10-4444-cv (Con)

_____

*Judge Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

HR TEXTRON, INC., a wholly owned subsidiary of TEXTRON, INC.,

*Defendant-Counter-Claimant-Appellee,*

SIKORSKY AIRCRAFT CORPORATION, INC., HELICOPTER SUPPORT, INC., COPTERLINE OY, PLASMA TECH INC.,

*Defendants-Appellees.*

FOR APPELLANT:     MICHAEL P. VERNA, Bowles & Verna, LLP, Walnut Creek, CA (Gerald C. Sterns, Sterns & Walker, Oakland, CA, *on the brief*), *for Plaintiffs-Appellants Ulla Christine Frederiksson, et al.*

FOR APPELLEE:      CATHERINE SLAVIN, Cozen O'Connor, Philadelphia, PA, *for Appellee HR Textron, Inc.*

David M.S. Shaiken, David Shaiken LLC, Vernon, CT, *for Appellee Plasma Tech. Inc.*

James W. Hunt, Alice Chan, Fitzpatrick & Hunt, Tucker, Collier, Pagano, Aubert LLP, New York, NY, *for Appellees Sikorsky Aircraft Corp. & Helicopter Support, Inc.*

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut be **VACATED AND REMANDED.**

Plaintiffs-Appellants appeal from the September 28, 2010 and October 8, 2010 orders of the district court

(Eginton, *J.*) granting Appellees' motion to dismiss on the ground of *forum non conveniens*.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's decision to dismiss on *forum non conveniens* grounds for clear abuse of discretion. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc).  "A district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or makes an error of law."  *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010) (quoting *Almontaser v. N.Y.C. Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008)).  Abuse of discretion is also shown when a district court "applies the incorrect legal standard."  *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999); *see also Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 107 (2d Cir. 2000).

Our circuit's precedent dictates a three-step analysis to determine whether dismissal for *forum non conveniens* is appropriate.

> At step one, a court determines the degree of
> deference properly accorded the plaintiff's choice
> of forum. At step two, it considers whether the

3

> alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum.

*Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (internal citations omitted).

When conducting the first step of this analysis to determine the appropriate level of deference accorded to a plaintiff's choice of forum, a court may consider several factors: (1) whether the plaintiff is a U. S. citizen; (2) convenience of the plaintiff's residence in relation to the chosen forum; (3) availability of witnesses or other evidence to the forum; (4) defendant's amenability to suit in the forum; (5) availability of appropriate legal assistance; and (6) evidence of forum shopping to be subject to favorable law. *Iragorri*, 274 F.3d at 71-72. These factors, however, imply a temporal framework. That is, they must be analyzed in reference to a distinct point in time: for step-one purposes, that point is the time at which the complaint was filed. *See id*. at 75.

In this case, however, in conducting its step-one analysis, the court erroneously examined facts that arose or came to light long after the complaint was filed. For example, the court relied on the Final Accident Report to

4

conclude that Appellants ignored the significance of the evidence in Finland. But the Final Accident Report was not released until August 2008, well after Appellants filed their complaint. Similarly, the court considered Appellees' stipulations that they would provide evidence for trial in Finland.[1] But just as a defendant's representation that it will submit to jurisdiction in the foreign venue is irrelevant to the first prong of the analysis because plaintiffs cannot anticipate that defendants will so stipulate, *see Norex Petroleum,* 416 F.3d at 156, a defendant's post-complaint stipulation to provide evidence in a foreign forum is irrelevant to the step-one analysis because plaintiffs cannot anticipate such a stipulation when they file a complaint.

By erroneously relying on post-complaint facts to grant only "some deference" to Appellants' choice of forum, the district court applied an incorrect legal standard and abused its discretion. We also observe that when an American defendant claims that a foreign forum is more convenient than a home forum, some suspicion of forum shopping must arise. We therefore remand to allow the court

---

[1] There is no evidence in this record that without Defendants' subsequent consent to personal jurisdiction that Defendants could have been sued in Finland.

to apply the correct legal standard, but we leave open the possibility that the court may make the same decision to dismiss after doing so. *See id.* at 155-57.

In addition to applying an incorrect legal standard in the step-one analysis, we question the court's step-three analysis as it relates to the Copterline settlement, especially in light of the fact that Appellees had the burden of demonstrating that the public and private interest factors weighed in favor of adjudication in the Finnish forum. *See Aguinda v. Texaco, Inc.*, 303 F.3d 470, 476 (2d 2002). It would be premature in light of the remand to determine if the balance of public and private interest factors necessarily weighed against Appellees. However, on remand, the district court should explicitly analyze the effect of the Copterline settlement by explaining the application of factors outlined in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), *superceded by statute on other grounds.*

The court did not fully consider the Copterline settlement based on its apparent reliance on *Piper Aircraft Co.* for the proposition that dismissal is proper where, among other things, defendants would be unable to implead a foreign third-party defendant (in this case, Copterline).

*See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 259 (1981). Here, because the settlement agreement would prevent Appellees from impleading Copterline in *any* forum, including Finland, this factor of *Piper Aircraft* is inapplicable, and the court's reliance on it is therefore questionable. The inability to implead Copterline further affects the balance of public interest factors in that it eliminates any potential Finnish defendants. Yet the court failed to explicitly consider this distinction between the instant case and *Piper Aircraft.*

Finally, the magistrate judge's report, which has been adopted by the district court, appears to have been guided heavily by another District of Connecticut *forum non conveniens* opinion. *See Melgares v. Sikorsky Aircraft Co.*, 613 F. Supp. 2d 231 (D. Conn. 2009). The court's dismissal in *Melgares* relied in part on the inability of the court to exercise personal jurisdiction over potential third-party defendants to the suit. The magistrate judge's report and recommendation here similarly pointed to the unavailability of process in the United States over Copterline and its employees, apparently overlooking the fact that the Copterline settlement prevents Copterline's impleader regardless of issues of personal jurisdiction.

7

These factual errors combined with the court's erroneous reliance on post-complaint facts to determine the level of deference due to Appellants' choice of forum convince us that the district court abused its discretion in dismissing the case.  We make no finding, however, as to whether the court's ultimate conclusion that dismissal for *forum non conveniens* is correct.  Rather, we remand to the district court with instructions to consider the deference owed to Appellants' choice of forum using only those facts known at the time of pleading and to conduct the remainder of the analysis in light of the Copterline settlement agreement.

For the foregoing reasons, the judgment of the district court is hereby **VACATED AND REMANDED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

8